Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Andrea N. Grave (Wyo. State Bar # 8-6702)
HOLLAND & HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile: 307.778.8175
jspope@hollandhart.com
angrave@hollandhart.com

Paul Werner (admitted *pro hac vice*)
Imad Matini (admitted *pro hac vice*)
Thomas Reklaitis (admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006
Telephone: 202.747.1931
Facsimile: 202.747.3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
treklaitis@sheppardmullin.com

ATTORNEYS FOR PLAINTIFF/ COUNTER-DEFENDANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF WYOMING, <br><br> Defendant/Counterclaimant. | Civil Action No. 2:23-cv-53 |

**PLAINTIFF/ COUNTER-DEFENDANT'S ANSWER TO DEFENDANT/ COUNTER-CLAIMANT'S COUNTERCLAIM**

Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, Plaintiff/ Counter-Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits its Answer and Affirmative Defenses to Defendant/Counterclaimant Blue Cross Blue Shield of Wyoming's ("BCBSWY's") Counterclaim (Dkt. 19), and answers as follows:

# PARTIES, JURISDICTION, AND VENUE

1. BCBSWY is a mutual insurance company and nonprofit corporation organized under the laws of the State of Wyoming and has its principal office at 4000 House Avenue, Cheyenne, WY 82001.

**ANSWER:** AIS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaim, and therefore denies those allegations.

2. On information and belief, Counterclaim Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS") is a Mississippi corporation with a principal office at 623 Highland Colony Parkway, Suite 100, Ridgeland, MS, 39157.

**ANSWER:** AIS admits it is a Mississippi corporation. AIS further admits it maintains an office at 623 Highland Colony Parkway, Suite 100, Ridgeland, MS, 39157. Except as specifically admitted, AIS denies the allegations in Paragraph 2.

3. This Court has personal jurisdiction over the parties.

**ANSWER:** The allegations in Paragraph 3 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS states that the Court possesses personal jurisdiction over the parties.

4. This Court has subject matter jurisdiction over this Counterclaim as the parties are diverse and the amount at issue exceeds $75,000. 28 U.S.C. § 1332.

**ANSWER:** The allegations in Paragraph 4 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS states that the Court has subject matter jurisdiction over this action.

5. This Court also has subject matter jurisdiction over this Counterclaim through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as this Court has original jurisdiction

over AIS's Complaint and the claims in this Counterclaim form a part of the same case or controversy.

**ANSWER:** The allegations in Paragraph 5 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, those allegations are denied.

6.      Venue is appropriate in this Court because a substantial part of the events and omission giving rise to BCBSWY's claims occurred in Wyoming. 28 U.S.C. 1391(b)(2).

**ANSWER:** The allegations in Paragraph 6 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS states that venue is proper in this Court.

## FACTUAL ALLEGATIONS

7.      BCBSWY is an independent insurance company licensed with the national Blue Cross Blue Shield Association. BCBSWY provides insurance plans and coverage throughout the State of Wyoming.

**ANSWER:** AIS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaim, and therefore denies those allegations.

8.      AIS holds itself out as a compounding pharmacy and healthcare provider offering home infusion therapy ("HIT") services.

**ANSWER:** AIS admits that it provides home infusion therapy ("HIT") services. The remaining allegations in Paragraph 8 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

9. Effective May 24, 2019, BCBSWY and AIS entered into that certain Participating Provider Agreement (the "Agreement") attached to AIS's Complaint as Exhibit 1.

**ANSWER:** The allegations in Paragraph 9 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

10. Pursuant to the Agreement, BCBSWY agreed to reimburse AIS for only covered services or supplies actually provided to BCBSWY health insurance plan participants.

**ANSWER:** The allegations in Paragraph 10 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text. Answering further, the allegations in Paragraph 10 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

11. Moreover, AIS agreed to only submit claims that were medically necessary, which includes a requirement that any claim submitted actually provides for the diagnosis, direct care and treatment of a plan participant's condition, illness, disease or injury. BCBSWY does not cover services or supplies which are not medically necessary.

**ANSWER:** The allegations in Paragraph 11 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations. Answering further, the allegations in Paragraph 11 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

12. Pursuant to the Agreement, when a BCBSWY plan participant receives a "covered service" from AIS, AIS submits a claim to BCBSWY for that service and, in turn,

BCBSWY pays AIS directly for the claim (excluding copays or deductibles which may be due from the participant).

**ANSWER:** The allegations in Paragraph 12 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text. Answering further, the allegations in Paragraph 12 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

13. AIS has historically billed BCBSWY for compounded pharmaceuticals ("J Codes") provided by AIS directly or indirectly to plan participants. AIS continues to bill for such compounded pharmaceuticals and such "J Code" claims have regularly been paid by BCBSWY to AIS on behalf of plan participants.

**ANSWER:** The allegations in Paragraph 13 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

14. However, AIS has also historically attempted to bill its patients and BCBSWY a "per diem" amount under CPT/HCPCS code S9328. Code S9328 exists to allow certain implanted pump pain management infusion services to average and bundle their individual daily costs into a "per diem" amount for payment.

**ANSWER:** AIS denies the allegations in Paragraph 14 of the Counterclaim.

15. From January 1, 2019 through April 8, 2022, AIS submitted claims under code S9328 to BCBSWY for "per diem" amounts in the amount of $369,227.47. Of this amount, $251,630.05 were processed and paid by BCBSWY to AIS for BCBSWY plan participants.

After April 8, 2022, BCBSWY has denied claims submitted by AIS to it for these "per diem" amounts under code S9328.

**ANSWER:** AIS admits that it billed claims under HCPCS Code S9328. Answering further, AIS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Counterclaim, and therefore denies those allegations.

16. Code S9328 claims may be submitted and reimbursed where administrative services, professional pharmacy services, and care coordination costs are incurred by implanted pain management infusion providers.

**ANSWER:** The allegations in Paragraph 16 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations. Answering further, the allegations in Paragraph 11 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

17. Upon information and belief, AIS claims it provides some or all of these services under code S9328. AIS, however, rarely provides such services to patients.

**ANSWER:** AIS denies the allegations in Paragraph 17 of the Counterclaim.

18. Despite irregularly, if ever, providing these services to various recipients of its compounded pharmaceuticals who are also BCBSWY plan participants, AIS takes the position that it is entitled to reimbursement for each day that a patient is prescribed compounded pharmaceuticals from AIS.

**ANSWER:** AIS denies the allegations in Paragraph 18 of the Counterclaim.

19.     AIS claims this amount, irrespective of whether it provides any services which could qualify under S9328, and even irrespective of whether a patient actually receives any dosage of a compounded pharmaceutical during any given time period.

**ANSWER:** AIS denies the allegations in Paragraph 19 of the Counterclaim.

20.     Indeed, AIS has admitted that its "per diem" is merely an income generating device disconnected from actual costs for services or supplies by stating that "the per diem is akin to a capitation payment whereby the provider receives a fixed fee regardless of each patient's actual utilization of services included in the capitation payment over the period covered by the payment." Such admission was made by Beverly Aborne, Vice President of Financial Services for AIS in an undated letter sent to Penelope Butterfield of BCBSWY. *See* **Exhibit A**, attached hereto and incorporated here.

**ANSWER:** AIS denies the allegations in Paragraph 20 of the Counterclaim. Answering further, the allegations in Paragraph 20 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

21.     Many patients on pain pumps who may receive compounded pharmaceuticals from AIS may never be taken off of the pain pump during their life. As such, AIS alleges that it should receive a substantial per diem on that patient until the death of the patient, irrespective of whether that patient ever utilizes services which would qualify under code S9328.

**ANSWER:** AIS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 of the Counterclaim, and therefore denies those allegations. AIS denies the allegations in the second sentence of Paragraph 21 of the Counterclaim.

22. Additionally, AIS acts only as the pharmacy compounding pharmaceuticals at the direction of an anesthesiologist or other medical professional on behalf of a patient (and plan participant of BCBSWY). As such, it is not even the correct entity to seek a per diem payment for services which may be rendered under code S9328. Code S9328 in fact specifically excludes "drugs" from inclusion, as they are billed under J Codes.

**ANSWER:** AIS denies the allegations in Paragraph 22 of the Counterclaim. Answering further, the allegations in Paragraph 22 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

23. A review of claims from AIS to BCBSWY for the period January 1, 2019, through April 8, 2022, discovered improper claims under code S9328 for which BCBSWY reimbursed AIS in the amount of $251,630.05 for its plan participants.

**ANSWER:** AIS lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23 of the Counterclaim, and therefore denies those allegations. Answering further, the allegations in Paragraph 23 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

24. On May 7, 2022, BCBSWY made a demand upon AIS for recovery of these improperly paid amounts, which demand was rejected by AIS.

**ANSWER:** AIS admits that BCBSWY contacted AIS regarding repayment of certain claims. Except as specifically admitted, AIS denies the allegations in Paragraph 24 of the Counterclaim.

25. Additional follow-up with AIS failed to identify any substantial services justifying claims for these per diem amounts.

**ANSWER:** AIS denies the allegations in Paragraph 25 of the Counterclaim.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

26. BCBSWY realleges and incorporates each and every allegation previously set forth in this Counterclaim as if set forth herein in full.

**ANSWER:** AIS re-affirms and incorporates by reference its answers to Paragraphs 1 through 25 of this Answer in response to Paragraph 26 of the Counterclaim.

27. The Agreement constitutes a binding and enforceable contract between AIS and BCBSWY.

**ANSWER:** The allegations in Paragraph 27 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

28. Among other terms, the Agreement requires AIS to only submit claims for medically necessary services or supplies which are covered services and supplies that were actually performed and provided by AIS.

**ANSWER:** The allegations in Paragraph 28 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations. Answering further, the allegations in Paragraph 28 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

29.     For the period January 1, 2019, through April 8, 2022, AIS submitted improper claims under code S9328 for which BCBSWY reimbursed AIS in the amount of $251,630.05 relating to its plan participants.

**ANSWER:** The allegations in Paragraph 29 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

30.     Such improper claims were breaches of AIS's contractual duties.

**ANSWER:** The allegations in Paragraph 30 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

31.     These breaches harmed BCBSWY in the amount of the over-paid and improper payments.

**ANSWER:** The allegations in Paragraph 31 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

## COUNT II
### (Breach of Duty of Good Faith and Fair Dealing)

32.     BCBSWY realleges and incorporates paragraphs 1-25 previously set forth in this Counterclaim as if set forth herein in full.

**ANSWER:** AIS re-affirms and incorporates by reference its answers to Paragraphs 1 through 25 of this Answer in response to Paragraph 32 of the Counterclaim.

33.     The Agreement includes a requirement under Wyoming law that the parties to it act in good faith and in a manner that does not deprive counterparties of the right to receive the benefit of the agreement struck.

**ANSWER:** The allegations in Paragraph 33 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations. Answering further, the allegations in Paragraph 33 of the Counterclaim purport to summarize, quote, or derive from documentary evidence. Such documents speak for themselves, and AIS denies any characterization of their contents that is inconsistent with their text.

34. *Even if* no technical breach of the express terms of the Agreement occurred, AIS's policy of submitting claims for per diem amounts where little to no actual service or supplies have been provided deprives BCBSWY of the benefit of the agreement struck, i.e. to pay a reasonable amount for medically necessary covered services actually provided under the Agreement.

**ANSWER**: The allegations in Paragraph 34 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

35. Additionally, *even if* AIS provides some limited services at some times under code S9328, AIS's policy of submitting claims up to and exceeding the maximum allowable claim for per diem costs under code S9328 deprives BCBSWY of the benefit of the agreement struck, i.e. to pay a reasonable amount for medically necessary covered services actually provided under the Agreement.

**ANSWER**: The allegations in Paragraph 35 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

36. AIS's actions have deprived BCBSWY of the benefit of its expectations under the Agreement and damaged BCBSWY in an amount to be proven at trial, which is expected to

amount to the entire $251,630.05 paid by BCBSWY to AIS under code S9328 during the term of the Agreement.

**ANSWER:** The allegations in Paragraph 36 of the Counterclaim assert legal conclusions to which no response is required.  To the extent a response is deemed required, AIS denies those allegations.

## COUNT III
### (Conversion)

The Court dismissed BCBSWY's conversion counterclaim from this action with prejudice.

## COUNT IV
### (Declaratory Judgment)

45.     BCBSWY realleges and incorporates paragraphs 1-25 previously set forth in this Counterclaim as if set forth herein in full.

**ANSWER:** AIS re-affirms and incorporates by reference its answers to Paragraphs 1 through 25 of this Answer in response to Paragraph 45 of the Counterclaim.

46.     The Agreement constitutes a binding contract between the parties and identifies the relevant duties, obligations, and rights as between AIS and BCBSWY.

**ANSWER:** The allegations in Paragraph 46 of the Counterclaim assert legal conclusions to which no response is required.  To the extent a response is deemed required, AIS denies those allegations.

47.     BCBSWY avers and alleges specifically that in all instances for which AIS has submitted a code S9328 claim, AIS serves only as a compounding pharmacy and, at most, only provides access to certain nursing, pharmacy, and financial services. BCBSWY asserts that AIS may not, therefore, validly bill for and submit claims for per diem amounts for each and every day that a patient has a provider's pain pump installed in a patient.

**ANSWER:** The allegations in Paragraph 47 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

48. Upon information and belief, AIS asserts that it has a contractual right to bill for per diem amounts, as it has in the past and continues to submit claims for, irrespective of whether any services are provided to a patient, and even irrespective of whether a patient even utilizes AIS's compounded pharmaceuticals on a given day.

**ANSWER:** The allegations in Paragraph 48 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

49. A controversy exists between the parties as to the propriety of the billings and claims practices of AIS and their use of a "per diem" billing methodology through code S9328.

**ANSWER:** The allegations in Paragraph 49 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

50. Specifically, where AIS serves only as a compounding pharmacy and claims to only have—at best—access to certain nursing, pharmacy, and financial services, may they validly bill for and submit claims for per diem amounts for each and every day that a patient has a different provider's pain pump installed in a patient, just by virtue of having their compounded pharmaceuticals available to that patient?

**ANSWER:** The allegations in Paragraph 50 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

51. Pursuant to 28 U.S.C. § 2201, a judicial determination of the respective rights of the parties as to this issue is necessary and appropriate.

**ANSWER:** The allegations in Paragraph 51 of the Counterclaim assert legal conclusions to which no response is required. To the extent a response is deemed required, AIS denies those allegations.

## JURY DEMAND

**BCBSWY demands a trial by jury in this action on all counterclaims triable by jury.**

**ANSWER:** AIS admits that BCBSWY's Counterclaim states it demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, BCBSWY prays for judgment as follows:

    A.    The Plaintiff take nothing by its Complaint;

    B.    For damages incurred by BCBSWY as a result of AIS's breach of contract, breach of the covenant of good faith and fair dealing and conversion of BCBSWY property;

    C.    For reasonable costs of collection relating to BCBSWY's conversion claim;

    D.    For declaratory judgment in favor of BCBSWY and against Plaintiff;

    E.    For BCBSWY's attorney's fees to the extent recoverable by law;

    F.    For BCBSWY's costs of suit incurred herein; and

    G.    For such other and further relief as the Court may deem just and proper.

**ANSWER:** AIS denies the Prayer for Relief in its entirety. AIS denies that BCBSWY is entitled to any relief whatsoever. AIS further states that it is entitled to attorney's fees and costs of this case and all other relief as the Court may deem just and proper.

## GENERAL DENIAL

AIS denies all allegations in the Counterclaim that are not specifically admitted or denied above.

## DENIAL OF HEADINGS

AIS has restated in this Answer the headings as they appear in the Counterclaim. To the extent the headings purport to assert any factual allegations or legal conclusions, they are denied in their entirety.

## AFFIRMATIVE DEFENSES

AIS asserts the following defenses with respect to the causes of action alleged in the Counterclaim, without assuming the burden of proof or persuasion where such burden rests with BCBSWY. AIS reserves the right to supplement it defenses.

## FIRST DEFENSE

Counts I, II, and IV of BCBSWY's Counterclaim fail to state valid causes of action for which relief can be granted.

## SECOND DEFENSE

Counts I, II, and IV of BCBSWY's Counterclaim are barred under the doctrine of unclean hands.

## THIRD DEFENSE

Counts I, II, and IV of BCBSWY's Counterclaim are barred by the doctrines of waiver, estoppel, and/ or other variants of estoppel as applicable.

## FOURTH DEFENSE

Counts I, II, and IV of BCBSWY's Counterclaim are barred by the Provider Agreement and any amendment or modification thereto.

**FIFTH DEFENSE**

Counts I, II, and IV of BCBSWY's Counterclaim are barred because BCBSWY has suffered no actual injury.

**SIXTH DEFENSE**

Counts I, II, and IV of BCBSWY's Counterclaim are barred because AIS is not the proximate or legal cause of BCBSWY's injuries.

**SEVENTH DEFENSE**

Counts I, II and IV of BCBSWY's Counterclaim are barred in whole or in part to the extent BCBSWY is seeking to recover damages that are speculative in nature.

**EIGHTH DEFENSE**

Counts I, II, and IV of BCBSWY's Counterclaim are barred because AIS's action were justified.

**NINTH DEFENSE**

Counts I, II, and IV of BCBSWY's Counterclaim are barred in whole or in part because BCBSWY's actions are in violation of public policy.

**ATTORNEY'S FEES AND COSTS**

AIS is entitled to an award of its cost, including expert costs, and attorney's fees incurred in defending against BCBSWY's Counterclaims in such amount as this Court may deem appropriate.

**PRAYER FOR RELIEF**

AIS prays for judgment against BCBSWY's Counterclaim as follows:

1. For an order dismissing Counts I, II, and IV of the Counterclaim with prejudice;

2.      For judgment in favor of AIS on Counts I, II, and IV of BCBSWY's Counterclaim;

3.      For an award of attorneys' fees and costs; and

4.      Such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 7th day of August, 2023.

*/s/ Andrea N. Grave*
Jeffrey S. Pope (Wyo. State Bar # 7-4859)
Andrea N. Grave (Wyo. State Bar # 8-6702)
HOLLAND AND HART LLP
2020 Carey Avenue, Suite 800
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307-778-4200
Facsimile: 307-778-8175
jspope@hollandhart.com
angrave@hollandhart.com

Paul Werner (Admitted *pro hac vice*)
Imad Matini (Admitted *pro hac vice*)
Thomas Reklaitis (Admitted *pro hac vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Telephone : 202-747-1931
Facsimile : 202-747-3817
imatini@sheppardmullin.com
pwerner@sheppardmullin.com
treklaitis@sheppardmullin.com

*Attorneys for Plaintiff/ Counter-Defendant AIS*