

FILED

8:05 am, 12/29/23

U.S. Magistrate Judge

United States District Court

For The District of Wyoming

BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,

    Plaintiff,

vs.

BLUE CROSS BLUE SHIELD OF WYOMING,

    Defendant.

Case No. 23-CV-53-R

## AMENDED SCHEDULING ORDER

On December 28, 2023, the parties filed a joint Motion to Amend Pretrial Order. [ECF No. 50]. In the Motion, the parties request a continuation of the remaining dates and deadlines, including the trial date to address unexpected issues with discovery. The Court finds good cause for the request and grants the Motion to continue. The previously established dates and deadlines are vacated, and the following schedule shall govern the case moving forward.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a), and have consented to the case proceeding before the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming.

**Claims and Defenses —**

This case is before the Court on Plaintiff's claims for breach of contract. In 2019 Defendant contracted with Plaintiff, provider of specialized home infusion therapy ("HIT") services, to provide HIT to its members in exchange for per diem payments. In April 2022, Defendant accused Plaintiff of improperly billing for its services and refused to pay its submitted claims for member care. Plaintiff filed this suit to address Defendant's alleged breaches and misconduct.

In response, Defendant asserted counterclaims for breach of contract and the implied covenant of good faith, conversion, and declaratory relief, alleging that Plaintiff improperly billed its claims under the parties' agreement.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties have complied with the self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.1(c).

**PROPOSED ORDERS —**

All proposed orders regarding motions filed in this matter should be submitted to Judge Rankin's chambers in a Word format and emailed to wyojudgekhr@wyd.uscourts.gov.

**EXPERT WITNESS DESIGNATION —**

**Plaintiff Designation Deadline — July 12, 2024**

**Defendant Designation Deadline — August 15, 2024**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by July 12, 2024. Plaintiff's designation shall include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert

witness. In accordance with U.S.D.C.L.R. 26.1(e), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by August 15, 2024. These summaries shall include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions fourteen (14) days prior to the final pretrial conference.

The parties shall serve upon one another, and file with the Court, their written expert and summary reports pursuant to Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure.

In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness shall designate that medical or mental health provider as an expert witness.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES — September 5, 2024**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before September 5, 2024. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Witnesses not listed or included in initial disclosures will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — August 21, 2024**

The discovery cutoff date is August 21, 2024. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to seven (7) days prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

    **Filing Deadline – August 21, 2024**

    **Response Deadline – September 4, 2024**

    **Dispositive Motion Hearing – September 18, 2024, at 1:00 p.m.**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is August 21, 2024. The parties shall

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

file responsive briefs and materials on or before September 4, 2024. The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1.

If a dispositive motion or *Daubert* challenge is filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable Kelly H. Rankin on September 18, 2024, at 1:00 p.m. at the Joseph C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming.[2]

**STIPULATIONS AS TO FACTS — September 27, 2024**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b). The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by September 27, 2024.

**MOTIONS IN LIMINE —**

    **Filing Deadline – September 27, 2024**

    **Response Deadline October 4, 2024**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than September 27, 2024. Responses shall be filed no later than October 4, 2024. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

---

[2] Any *Daubert* challenges will be addressed on the briefing unless otherwise requested and ordered by the Court.

**FINAL PRETRIAL CONFERENCE —** October 7, 2024, at 11:00 a.m.

A final pretrial conference in this matter has been scheduled for 11:00 a.m. on October 7, 2024, at the J.C. O'Mahoney Federal Courthouse in Cheyenne, Wyoming before the Honorable Kelly H. Rankin. Counsel for the parties shall appear in person.

Before the conference, Counsel for represented parties all must agree upon, prepare, and sign a joint proposed final pretrial order prepared for Judge Rankin's signature in the format provided on the District Court Website under civil forms. This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Rankin's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. A copy of the proposed order must be delivered directly to Judge Rankin's chambers (but not filed) via e-mail to wyojudgekhr@wyd.uscourts.gov or by U.S. Mail at least seven (7) days before the final pretrial conference.

Witness and exhibit lists must be exchanged by the parties (but not filed) at least ten (10) days before the final pretrial conference. Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

Copies of all exhibits as to where there may be objections must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

**A. Marking of Exhibits:** All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No.____, Plaintiff's Exhibit 1; Civil No. ____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

**B. Elimination of Duplicate.** The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

**C. Copies for the Court.** Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

EXHIBIT LISTS — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

\* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**.  These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**.  These exhibits are objected to on grounds other than foundation, identification, or authenticity.  This category should be used for objections such as hearsay or relevance.

**Category C**.  These exhibits are objected to on grounds of foundation, identification, or authenticity.  This category should not be used for other grounds, such as hearsay or relevance.  Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits.  Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

Any Counsel requiring authentication of an exhibit must so notify the offering counsel in writing within five (5) business days after the exhibit is made available to opposing counsel for examination. Failure to do so is an admission of authenticity.

Any exhibit not listed on the exhibit lists is subject to exclusion at trial. The Court may deem any objection not stated on the exhibit list as waived. The order of exhibits shall not be altered or "shuffled" once submitted.

**JURY EVIDENCE RECORDING SYSTEM (JERS)** —

For detailed instructions on how counsel should format and submit the electronic evidence to the Court, please refer to the Jury Evidence Recording System Information

(JERS) section at https://www.wyd.uscourts.gov/attorneys. The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of seven (7) days prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif

- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition or by video tape.

In bench trials, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility. Witness statements shall be prepared and used at trial in accordance with Judge Rankin's Procedure for Presentation of Direct Testimony by Witness Statement, which is available on the Court's website under forms or by contacting Judge Rankin's chambers.

**JURY TRIAL — October 28, 2024**

A jury trial is set before the Honorable Kelly H. Rankin for 9:00 a.m. on October 28, 2024, in Cheyenne, Wyoming, and is expected to last 5 days. This case is stacked # 1 on the Court's docket. U.S.D.C.L.R. 40.1(a).

The parties shall exchange and file proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. The proposed jury instructions and special verdict forms shall also be submitted to Judge Rankin's chambers via email to wyojudgekhr@wyd.uscourts.gov. The instructions must be formatted as a single document for Word and shall include citations to authority.

At the same time as the filing of the jury instructions, the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

Dated this <u>29th</u> day of December, 2023.

                                                                            Kelly H. Rankin
                                                                            United States Magistrate Judge