# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Wyoming

| | |
|---|---|
| BOND PHARMACY, INC. d/b/a AIS HEALTHCARE, *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 2:23-cv-53 |
| BLUE CROSS BLUE SHIELD OF WYOMING, *Defendant* | ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: National Home Infusion Foundation Corporation a/k/a/ National Home Infusion Association
c/o National Registered Agents, Inc. 4701 Cox Road, Sutie 285, Glen Allen, VA 23060

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Hathaway & Kunz, LLP ATTN: Lucas Buckley & Melissa Burke, 2515 Warren Avenue., Ste. 500, Cheyenne, WY 82001, lbuckley@hkwyolaw.com; mburke@hkwyolaw.com | Date and Time: 04/05/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/21/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Melissa K. Burke |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Blue Cross Blue Shield of Wyoming , who issues or requests this subpoena, are:

Lucas Buckley & Melissa Burke, 2515 Warren Ave., Ste. 500, Cheyenne, WY 82001, lbuckley@hkwyolaw.com, 307-634-7723 mburke@hkwyolaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-53

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Wyoming, Plaintiff Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), hereby requests that National Home Infusion Foundation Corporation a/k/a National Home Infusion Association ("NHIA"), produce for inspection and copying, in accordance with the Instructions and Definitions herein, all the below-requested documents and things in its possession, custody, or control.

Production of such documents and things will occur electronically or at the offices of Hathaway & Kunz, LLP, 2515 Warren Avenue, Suite 500, Cheyenne, Wyoming 82001, by April 5, 2024, at 5:00 p.m., or fourteen (14) days after service of the Subpoena, whichever is later.

## INSTRUCTIONS

1. You are requested to produce documents as they are kept in the usual course of business, or you may organize and label the produced documents to correspond by number with these Requests.

2. The documents requested herein shall include all documents in your possession, custody or control, and all documents that you obtain from partners, attorneys, investigators, agents, affiliates or other representatives.

3. You are required to make a diligent search of all records and materials in your possession, custody, or control to satisfy your obligation to respond fully and completely to the Requests.

4. You are requested to produce the original of all documents called for herein, as well as any copies of documents bearing any mark or notation not present on the original.

5. If you cannot or do not produce all documents responsive to a request, you should so state and should produce as many responsive documents as you can produce. If you withhold a document from production based on a claim of privilege, you must provide for each such document a statement of the claim of privilege and all facts relied on in support thereof, including, but not limited to, the authors, addressees, and other recipients, dates, titles, subject matters, location and request or requests to which the document is responsive. For each author, addressee, and recipient, state the person's full name, title, and employer or firm and denote all attorneys with an asterisk. For each document withheld under a claim that it constitutes or contains attorney work product, you should provide all of the information required herein for privileged communications and also state whether you assert that the document was prepared in anticipation of litigation or for trial and, if so, identify that litigation. You must provide all non-privileged portions of any responsive document claimed to be privileged or protected.

6. Whenever necessary to bring within the scope of the request the broadest possible range of documents, the singular form of the word shall be interpreted as plural and references to one gender shall include the other gender.

7. Unless otherwise stated, the relevant time period for each request shall be the time period of January 1, 2014, to the present.

These requests are of a continuing nature, and you are required to serve supplemental responses if you obtain or become aware of additional responsive documents after the date of your initial response.

**DEFINITIONS**

The following definitions apply to Attachment A:

1. "You," "Your," or "NHIA" shall refer to National Home Infusion Foundation Corporation a/k/a National Home Infusion Association, and any of its predecessors-in-interest, subsidiaries, affiliates, officers, employees, agents, representatives, attorneys, investigators, or other persons purporting to act on its behalf.

2. The term "AIS" shall refer to Bond Pharmacy, Inc., d/b/a AIS Healthcare, named Plaintiff-Counter Defendant in the above captioned action, and any of its predecessors-in-interest, subsidiaries, affiliates, officers, employees, agents, representatives, attorneys, investigators, or other persons purporting to act on its behalf.

3. The term "BCBSWY," shall refer to Blue Cross Blue Shield of Wyoming, named Defendant-Counterclaimant in the above captioned action, and any of its predecessors-in-interest, subsidiaries, affiliates, officers, employees, agents, representatives, attorneys, investigators, or other persons purporting to act on its behalf.

4. The term "Complaint" shall refer to the Complaint filed by Bond Pharmacy, Inc., d/b/a AIS Healthcare on March 29, 2023, ECF No. 1, and is attached as Exhibit 1 to this Attachment.

5. "HIT" means home infusion therapy.

6. "Code S9328" means Healthcare Common Procedure Coding System Code S9328

7. "Possession" refers to being within the possession, custody, or control of You, or any attorney, agent, or employee of You, at any location.

8. The term "document," as used herein, is used in its broadest possible sense and means the original and all non-identical copies of any handwritten, printed, typed, recorded, electronic (including electronic mail messages ("e-mail") and deleted electronic media that is recoverable in any form) or graphic or photographic material of any kind and nature, including all

drafts thereof and all mechanical or electronic sound recordings or transcripts thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, computer data, computer disks, computer-generated or stored information, computer programming materials, contracts, correspondence, date books, diaries, diskettes, drawings, emails, metadata, faxes, materials in foreign languages, translations of materials in foreign languages, guidelines, instructions, inter-office communications, invoices, ledgers, letters, licenses, logs, manuals, memoranda, memory media or banks (including but not limited to hard disks, floppy disks, diskettes, high capacity removable storage disks, CD-ROMs, DVDs, DATs, and flash memory chips or their functional equivalents), microfilm, minutes, notes, opinions, payments, plans, receipts, recordings, records, regulations, reports, sound recordings, statements, studies, surveys, telegrams, telexes, timesheets, vouchers, word processing materials (however stored or maintained) and working papers, and all other means by which information is stored for retrieval in fixed form. The term "document(s)" also specifically includes any records stored on computer tape or computer disk or otherwise stored by or in a computer, including telephone voice mail or electronic mail, whether or not a hard copy (i.e., paper copy) of the document is or was at any time in existence. A document includes all documents appended thereto and any marked copy thereof. A "marked copy" is any document containing any writing or any markings of any kind in the text, in the margins, or on the reverse side of the document.

9. The terms "and" and "or" are both conjunctive and disjunctive so as to be inclusive rather than exclusive.

10. The terms "any" and "all," as used herein, shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

11. The term "communication," as used herein, means and includes any transmission or exchange of information, including facts, ideas, inquiries, or otherwise, between two or more persons, whether orally or in writing, and including without limitation all oral, visual, or other sensory (including electronic) means of transmitting information, messages, or statements.

12. The terms or phrases "relating to," "relates(s)," "related to," or "concerning," as used herein, shall mean constituting, comprising, consisting of, setting forth, describing, discussing, citing, regarding, pertaining to, mentioning, proposing, showing, disclosing, containing, analyzing, explaining, summarizing, supporting, evidencing, authorizing, concerning, embodying, reflecting, identifying, incorporating, considering, recommending, continuing, enumerating, dealing with, commenting on, referring to directly or indirectly, dealing with, or in any way pertaining to, in whole or in part.

13. The term "person" as used herein shall include any natural person, corporation, partnership, association, joint venture, sole proprietorship, firm, business enterprise, governmental or quasi-governmental body or agency, or legal entity of any type, and includes both the singular and plural.

## DOCUMENT REQUESTS

1. Documents and communications with AIS related to the recommendation or creation of any standards established by NHIA.

2. Documents and communications with AIS concerning AIS's involvement, or the involvement of any employee, executive, director, or shareholder of AIS, in NHIA. Include in

Your response any and all amounts AIS has paid, directly or indirectly, to NHIA or its representatives, broken out by calendar year.

3. Documents and communications with AIS related to the processing, adjudication, denial, and/or payment of AIS's Code S9328 claims.

4. Documents and communications with any third-party concerning AIS, AIS's billing practices, including but not limited to any state or federal regulatory agencies or bodies.

5. Copies of any agreements or contracts between You and AIS related to any analysis, reports, studies, audits, or guidance regarding HIT provider billing practices, including but not limited to the billing of Code S9328.

6. Copies of all data, research, reports, or documentation created by or compiled by You supporting the existence of any industry standard for billing home infusion therapy costs on a per diem basis.

7. Documents and communications, records of payments, contracts, or other documents exchanged by and between You and AIS within the past 10 years.

**DATED** this 21st day of March 2024.

        BLUE CROSS & BLUE SHIELD OF WYOMING,
        DEFENDANT

        By: */s/ Melissa K. Burke*
           Lucas Buckley, #6-3997
           Melissa K. Burke, #7-5694
           HATHAWAY & KUNZ, LLP
           P. O. Box 1208
           Cheyenne, WY  82003-1208
           (307) 634-7723
           (307) 634-0985 (fax)
           lbuckley@hkwyolaw.com
           mburke@hkwyolaw.com

        ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of March, 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Jeffrey S. Pope | [ ✓ ] CM/ECF |
| Andrea N. Grave | [  ] U.S. Mail |
| Holland & Hart LLP | [  ] E-mail: |
| 2020 Carey Ave., Suite 800 | |
| P.O. Box 1347 | |
| Cheyenne, WY 82003-1347 | |
| | |
| Paul Werner | [ ✓ ] CM/ECF |
| Imad Matini | [  ] U.S. Mail |
| Sheppard, Mullin, Richter & Hampton LLP | [  ] E-mail: |
| 2099 Pennsylvania Ave., NW | |
| Washington, D.C. 20006 | |

*/s/ Candice Hough*
Hathaway & Kunz, LLP